# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

———————————————————————

MARY ELIZABETH SCHIPKE,

     Plaintiff

vs.

TRACFONE, WIRELESS, INC. d/b/a SAFELINK WIRELESS, and/or LIFELINE, and FREDERICK, J. POLLAK, PRESIDENT OF SAFELINK WIRELESS, INC.

     Defendants.

———————————————————————

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO. 3:15-cv-01244

AUGUST 19, 2015

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

     Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants, TracFone, Wireless, Inc. d/b/a Safelink Wireless("TracFone") and Frederick J. Pollak ("F.J. Pollak") (referred to collectively as "TracFone" or "Defendants"), respectfully petition this Court as follows:

     1.    TracFone and F.J. Pollak are defendants in a civil action, bearing a return date of August 4, 2015, commenced, *pro se*, by Plaintiff Mary Elizabeth Schipke ("Ms. Schipke") in the Superior Court of the State of Connecticut, Judicial District of Ansonia-Milford at Milford, Connecticut.  A copy of the Summons and Ms. Schipke's *pro se* Complaint in that action are attached as **Exhibit A**; additional state court filings are attached as **Exhibit B**.

     2.    Pursuant to 28 U.S.C. § 1446(d), the Defendants have on this date notified the Superior Court of the State of Connecticut, Judicial District of Ansonia-Milford at Milford, Connecticut of the filing of this Notice of Removal.  *See* **Exhibit C**.

3.      The Summons and *pro se* Complaint were first served upon both Defendants on July 20, 2015.  This notice is being filed pursuant to 28 U.S.C. § 1446(b) within thirty (30) days of the receipt of service of the initial pleading; the time for filing this notice has not expired.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

5.      All Defendants consent to and have joined in this Notice of Removal.

6.      There have been no proceedings in this action in state court.  Defendants have not served an answer or responsive pleading to Ms. Schipke's *pro se* Complaint.

7.      In filing this Notice of Removal, Defendants do not waive and specifically reserve all defenses, exceptions, rights and motions.  No statement or omission in this Notice shall be deemed an admission of any of the allegations or request for relief set forth in Ms. Schipke's *pro se* Complaint.

<u>BACKGROUND INFORMATION</u>

8.      Ms. Schipke's *pro se* Complaint challenges the termination of the cellphone service that TracFone provided to her under the Lifeline program—a federal government benefit program that provides monthly telephone service for certain eligible low-income subscribers ("Lifeline").  (Complaint, pp. 1, 5-6).[1]

9.      TracFone is one of a number of wireless providers that participate in Lifeline as "Lifeline-only Eligible Telecommunications Carriers" (ETCs).  TracFone provides Lifeline service through its trademarked Safelink Wireless brand.

10.     The Federal Communications Commission ("FCC"), which oversees the administration of the Lifeline program, has promulgated a comprehensive set of regulations implementing the Lifeline program.

---

[1] Ms. Schipke's *pro se* Complaint is not pled in numbered paragraphs so Defendants refer to the applicable page numbers.

11.     Under these regulations, the FCC requires that ETCs must ensure "that their Lifeline subscribers are eligible to receive Lifeline services." 47 C.F.R. §§ 54.403(a) and 54.410(a).

12.     The FCC regulations further require that, in ensuring that a prospective Lifeline subscriber satisfies the enumerated Lifeline eligibility requirements, ETCs must "[r]equire each prospective subscriber to provide … a full residential address." *See* 47 CFR 54.410(d)(4).

## THE COURT HAS FEDERAL QUESTION JURISDICTION

13.     Removal is proper because the Court has jurisdiction under 28 U.S.C. § 1331, which establishes federal question jurisdiction: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction arises not only where federal law creates the cause of action, but also where a complaint asserting state law claims necessarily presents substantial, disputed issues of federal law, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.  *See Gunn v. Minton*, 133 S. Ct. 1059, 1064–65 (2013).  The facts alleged in Ms. Schipke's *pro se* Complaint fall within both categories.

## MS. SCHIPKE ALLEGES THAT DEFENDANTS VIOLATED FEDERAL LAW AND DEPRIVED HER OF HER FEDERAL CONSTITUTIONAL RIGHTS

14.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331, because it "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

15.     Ms. Schipke alleges that TracFone "illegally turned [her] emergency medical telephone services off — simply because [she] is experiencing homelessness and does not have a current address." (Complaint, p. 5).  Ms. Schipke goes on to allege that she "is entitled to an emergency medical telephone under the law," and describes that alleged entitlement termination

as one of the "liberty interests" that is "protected under both the state and federal Constitutions." (Complaint, p. 5).

16.     Ms. Schipke further alleges that TracFone's termination of her Lifeline services violated "her rights as a protected disabled American Citizen under the Americans with Disabilities Act of 1990 ("ADA") and the new Americans with Disabilities Act Amendment Act of 2008 ("ADAAA")."  (Complaint, p. 6)

17.     Based upon the foregoing, this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

## MS. SCHIPKE'S STATE LAW CLAIM REQUIRES RESOLUTION OF A SUBSTANTIAL QUESTION OF FEDERAL LAW

18.     Ms. Schipke's *pro se* Complaint is not a picture of clarity.  Her grievance with Defendants is, however, at least somewhat clear: she claims that Defendants terminated her Lifeline service and that this act violated, *inter alia*, her rights under the U.S. Constitution and the ADA and ADAAA.  Ms. Schipke's *pro se* Complaint, however, is less clear on what statute she is trying to sue under.  She says that "[v]iolations of the newly enacted **Connecticut 2013 Homeless Bill of Rights**[2] makes any denial of public services a civil rights action.  This action is brought forth as such."  (Complaint, p. 6) (emphasis in original).  Thus it appears Ms. Schipke is seeking redress under the Homeless Person's Bill of Rights because she believes that TracFone has deprived her of certain rights, including certain federal protected rights.

19.     While the cause of action set-forth in Ms. Schipke's *pro se* Complaint cites a state statute (the Homeless Person's Bill of Rights) the case is removable under federal question jurisdiction because Ms. Schipke's *pro se* Complaint implicates several substantial issues of federal law.

---

[2] This statute is more commonly called the "Homeless Person's Bill of Rights," and Defendants use that name.

101861177.2

20.     Specifically, under Article III of the Constitution, the power of the judiciary extends "to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States ... ."  U.S. Const. art. III, § 2, cl. 1.  Congress first conferred federal question jurisdiction on lower federal courts in the Judiciary Act of 1875.  The current successor to that Act is found at 28 U.S.C. § 1331, which bestows on district courts "original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States." § 1331.  Under 28 U.S.C. § 1441(a), a defendant may remove any case over which the district court would have had original jurisdiction.

21.     Under the "artful pleading" doctrine, a court may recharacterize a plaintiff's claim as a federal claim if federal law governs the particular conduct at issue. "[C]ourts will not permit [a] plaintiff to use artful pleading to close off defendant's right to a federal forum . . . [T]he removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiffs' characterization."  *Federated Dep't Store, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981); *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983) (plaintiff may not defeat removal by failing to plead necessary federal question in complaint); *Pet Quarters, Inc. v. Depository Trust & Clearing Corp*., 559 F.3d 772, 779 (8th Cir. 2009) (affirming removal because "[federal jurisdiction may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal question, even where only state law issues have been pled." ); *BIW Deceived. v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., L4MAW Dist. Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997) (holding removal proper if the claim appears to be federal in nature despite the plaintiff's professed intent to pursue only state-law claims).

22.     Thus, even when state law creates a plaintiff's cause of action, the action necessarily arises under the laws of the United States for purposes of federal question jurisdiction if the "well pleaded complaint" establishes that plaintiff's right to relief under state law requires

resolution of a substantial question of federal law.  *Franchise Tax Board*, 463 U.S. at 13; *Pet Quarters*, 559 F.3d at 779.

23.     In *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921), the Supreme Court concluded that, under the forerunner of § 1331, "arising under" jurisdiction existed over causes of action created by state law where "the right to relief depends upon the construction or application of the constitution or the laws of the United States, and ... such federal claim is not merely colorable, and rests upon a reasonable foundation." *Id.* at 199.

24.     Although some of the Supreme Court's intervening decisions, such as *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986), suggested an abrogation of the rule set forth in *Smith*, the Supreme Court reaffirmed the vitality of that now nearly 100-year old precedent through its comparatively recent decision in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

25.     As Judge Christopher F. Droney of this District has noted, in *Grable* the Supreme Court held that "a private right of action under federal law is not a prerequisite to finding that a state law claim arises under federal law." *Ting v. Univ. of Bridgeport*, 2011 WL 2222309, at *3 (D. Conn. Jun. 7, 2011) (citing *Grable*, 545 U.S. at 316–18).

26.     This means that even if state law (in this case, the Homeless Person's Bill of Rights) creates Ms. Schipke's cause of action, the case still arises under the laws of the United States if the right to the relief she seeks against Defendants necessarily requires resolution of a substantial question of federal law.

27.     As Judge Droney further noted in *Ting*, the Second Circuit "has construed *Grable* to encompass a three-part inquiry: (1) whether the claim necessarily raises a stated federal issue, (2) whether the federal issue is actually disputed and substantial, and (3) whether the court may entertain the claim without disrupting the existing balance of state and federal judicial responsibilities." *Id.* (citing *West Hartford Initiative to Save Historic Property v. Town of West*

101861177.2

*Hartford*, 2006 WL 2401441, at *4 (D. Conn. Aug. 18, 2006) (Chatigny, J.) and *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 195–96 (2d Cir. 2005)).

28.     When the three-part *Grable* inquiry called for by Second Circuit and employed in this District is conducted, it is clear that federal question jurisdiction exist over Ms. Schipke's *pro se* Complaint

*Question 1*:  Does Ms. Schipke's *pro se*<br>Complaint Necessarily Raise a Stated Federal Issue?

29.     At its core, Ms. Schipke's claim under the "Connecticut Homeless Person's Bill of Rights" challenges TracFone's obligation to comply with the FCC regulations governing the administration of the Lifeline Program.   Ms. Schipke's claim is that TracFone previously provided her with a free cellphone, which she claims she is entitled to under federal law but terminated her service when she failed to provide a valid residential street address—and thus violated federal law.

30.     Further, although Ms. Schipke *pro se* Complaint purports to state a claim under the "Connecticut Homeless Person's Bill of Rights," with respect to her alleged entitlement to a Lifeline cellphone, the source of any such entitlement actually does not spring from the state law upon which Ms. Schipke purports to rely.  Connecticut's "Homeless Person's Bill of Rights" is codified in Conn. Gen. Stat. § 1-500 and provides an enumerated list of rights (which does not include the right to a free cellphone or free cellphone service) which are available only to the extent that they are implemented in accordance with, among other things, federal law.

31.     Under the FCC regulations, TracFone was legally required to obtain a valid residential street address from Ms. Schipke and to terminate Ms. Schipke's services when she failed to provide a residential street address.

32.     Where, as here, a plaintiff's complaint raises issues relating to "the contours of [the defendant's] federal duty," the complaint necessarily raises disputed questions of federal

7

law.  *NASDAQ OMX Group v. UBS Secs., LLC*, 770 F.3d 1010, 1023 (2d Cir. 2014) (holding

that complaint asserting state law breach of contract and negligence claims based on NASDAQ's

alleged non-compliance with its internal rules, which were mandated by federal law, necessarily

raised disputed issues of federal law).

33.     Accordingly, Ms. Schipke's challenge to TracFone's termination of her Lifeline

services necessarily will require the Court to consider disputed issues of federal law.  *NASDAQ*

*OMX Group, Inc*., 770 F.3d at 1019 ("'[A] federal court ought to be able to hear claims

recognized under state law that nonetheless turn on substantial questions of federal law, and thus

justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on

federal issues.'") (*quoting Grable*, 545 U.S. at 312).

### *Question 2*:  Is the Federal Issue that Ms. Schipke Raises in Her *pro se* Complaint Actually Disputed and Substantial?

34.     This second question is easily answered and the answer is a resounding YES.  The

case basically boils down to the question of whether TracFone properly terminated Ms.

Schipke's cellphone service under a federal program when she would not provide a residential

street address.  Defendants' position is that TracFone was in fact required—under federal law—

to terminate the service under the federal program in that situation.  However, in direct conflict,

Ms. Schipke disputes this position.  And, in fact, she goes a step further and claims that

Defendants violated her rights under the U.S. Constitution and the ADA and ADAAA when

TracFone terminated her Lifeline service.

### *Question 3*:  Can the Court Entertain Ms. Schipke's Claim Without Disrupting the Existing Balance of State and Federal Judicial Responsibilities?

35.     The answer to this third question is found in Conn. Gen. Stat. § 1-500 which

provides that the rights afforded under Connecticut's Homeless Person's Bill of Rights "*are*

*available only insofar as they are implemented in accordance with ... federal law.*"  Thus,

exercising federal question jurisdiction to resolve this dispute will not have a significant "effect

on the federal-state division of labor" or "threaten . . . the normal currents of litigation" *Grable*, 545 U.S. at 315, 319.

<u>CONCLUSION</u>

For the reasons set forth herein, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Accordingly, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants hereby remove this action from the Superior Court of the State of Connecticut, Judicial District of Ansonia-Milford at Milford, Connecticut, to this Court.


Dated:  August 19, 2015                    By /s/ *John W. Herrington*

John W. Herrington (Fed Bar# ct28926)
Carlton Fields Jorden Burt P.A.
One State Street, Suite 1800
Hartford, Connecticut 06103
Telephone:  (860) 392-5000
Facsimile:   (860) 392-5058
Email: jherrington@cfjblaw.com

James B. Baldinger  (Florida Bar No. 869899)
Carlton Fields Jorden Burt P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Email: jbaldinger@cfjblaw.com
(pro hac vice pending)

Aaron S. Weiss (Florida Bar No. 48813)
Carlton Fields Jorden Burt P.A.
100 SE Second Street, Suite 4200
Miami, Florida  33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
Email: aweiss@cfjblaw.com
(pro hac vice pending)

Counsel for Defendants

101861177.2

## **CERTIFICATION**

       This is to certify that on this 19th day of August, 2015, a copy of the foregoing was E-filed with the Court, sent via U.S. Mail, postage prepaid, and sent via electronic mail as follows:

Mary Elizabeth Schipke
c/o: General Delivery
Milford, Connecticut 06460
Email: schipkemarv@AOL.com


                     */s/ John W. Herrington*
                     John W. Herrington

101861177.2